```
                                            FILED
                               CLERK, U.S. DISTRICT COURT

                                    JUL 2 5 2008

                               CENTRAL DISTRICT OF CALIFORNIA
                               BY                        DEPUTY
```

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

10

| | |
|---|---|
| ERIC FREEMAN, | ) Case No. CV 08-3026-AHS (JWJ) |
| Plaintiff, | ) **MEMORANDUM AND ORDER** |
| | ) **DISMISSING CIVIL RIGHTS** |
| vs. | ) **COMPLAINT WITH PREJUDICE** |
| | ) **IN PART AND WITH LEAVE TO** |
| CALIFORNIA DEPARTMENT | ) **AMEND IN PART** |
| OF CORRECTION DIRECTOR | ) |
| OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

18
19

## I.  BACKGROUND

On May 13, 2008, plaintiff Eric Freeman, a state prisoner proceeding pro se, filed in this Court a "Civil Rights Complaint" (hereinafter "Complaint"). This Court has screened the Complaint pursuant to 28 U.S.C. § 1915A, the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.  Plaintiff alleges that defendants Mr. Williams, Mr. Draytoon, registered nurse (name unknown), Mr. and Mrs. Haws, David Tristan, Mr. and Mrs. Tilton, N. Motz, and Mr. and Mrs. Hnowles violated plaintiff's rights under the Eighth Amendment while plaintiff was incarcerated at the California State Prison in Lancaster, California.  (Complaint, pp. (2-3) - (2-

1   12.)[1])  Plaintiff named defendants Mr. Williams, Officer Draytoon, a registered

2   nurse (name unknown), Mr. and Mrs. Haws, David Tristan, Mr. and Mrs.

3   Tilton, N. Motz, and Mr. and Mrs. Hnowles in their individual and official

4   capacities.  (Id. at (2-3) - (2-5).)

5          Plaintiff's Complaint alleges that defendants violated plaintiff's

6   constitutional rights by failing to provide adequate medical care and by placing

7   plaintiff in a cell with no lights and improperly functioning ventilation.  (Id. at

8   (2-6) - (2-12.))  Specifically, plaintiff alleges the following: Mr. Williams, a

9   Sergeant with the California Department of Correction, was responsible for

10  plaintiff's placement in a dysfunctional cell.  (Id. at 2-6.)  Mr. Draytoon, a

11  Correction Officer, ignored plaintiff's complaints about the condition of the

12  cell, ignored plaintiff's threats to commit suicide, and laughed while plaintiff

13  began cutting himself.  (Id. at 2-7.)  A registered nurse (name unknown) failed

14  to provide adequate treatment or assistance while plaintiff attempted to

15  commit suicide by cutting his wrist.  (Id. at 2-8.)  The registered nurse also

16  used obscene language to instruct plaintiff to be quiet during his suicide

17  attempt.  (Id. at 2-8.)

18         Mr. and Mrs. Haws, Wardens of the California Department of

19  Correction, failed to adequately supervise and train correctional staff, resulting

20  in a failure to provide medical care.  (Id. at 2-11.)  Mr. and Mrs. Tilton,

21  Directors of the California Department of Correction, failed to adequately

22  supervise and train correctional staff.  (Id. at 2-12.)  N. Motz, a registered

23  nurse supervisor, failed to "properly supervise or train the medical staff."  (Id.

24  at 2-9.)  Mr. and Mrs. Hnowles, Captains of Facility B at California

25  Department of Correction, failed to "properly supervise and train" the

26  employees in Facility B, causing injury to plaintiff.  (Id. at 2-10.)  Plaintiff is

27  _____

28       [1] Plaintiff re-numbered his complaint pages as "2-1" through "2-15."

1  seeking "$30,000 from each defendant for pain/suffering/stress/injuries."  (<u>Id.</u>
2  at 2-15.)

3      For the reasons discussed below, the Complaint is dismissed with
4  prejudice in part and dismissed with leave to amend in part.

5

6                        **II.  STANDARD OF REVIEW**

7      A court may dismiss a claim upon motion of the defendants or <u>sua</u>
8  <u>sponte</u> pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to
9  state a claim upon which relief can be granted."  <u>See</u> <u>Wong v. Bell</u>, 642 F.2d
10 359, 361-62 (9th Cir. 1981).  A complaint may be dismissed for failure to state
11 a claim upon which relief can be granted if it appears beyond doubt that
12 plaintiff can prove no set of facts in support of the claim that would entitle him
13 to relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229,
14 81 L. Ed. 2d 59 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct.
15 99, 2 L. Ed. 2d 80 (1957)).  In reviewing a complaint under this standard, the
16 Court must accept as true the allegations of the complaint in question,
17 <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct.
18 1848, 48 L. Ed. 2d 338 (1976), construe the pleading in the light most
19 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins</u>
20 <u>v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969).
21 However, the "court is not required to accept legal conclusions cast in the form
22 of factual allegations that cannot reasonably be drawn from the facts alleged
23 [citations omitted]."  <u>Clegg v. Cult Awareness Network,</u> 18 F.3d 752, 754 (9th
24 Cir. 1994).

25     Review of a complaint for failure to state a claim is generally limited to
26 the contents of the complaint.  <u>See</u> <u>Buckey v. City of Los Angeles</u>, 968 F.2d
27 791, 794 (9th Cir.), <u>cert. denied</u>, 506 U.S. 999, 113 S. Ct. 599, 121 L. Ed. 2d
28 536 (1992).  However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss, and such material is not "outside" the complaint if the complaint specifically refers to the document(s) and its authenticity is not questioned.  See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (citations omitted), cert. denied, 512 U.S. 1219, 114 S. Ct. 2704, 129 L. Ed. 2d 832 (1994).  The Court may also properly consider material submitted as exhibits to the complaint, see Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990), and documents crucial to the plaintiff's claims, but not explicitly incorporated in the complaint.  See Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir.), cert. denied, 525 U.S. 1001, 119 S. Ct. 510, 142 L. Ed. 2d 423 (1998) (citing Branch v. Tunnell, 14 F.3d at 454).  The Court may properly consider matters of public record: for example, pleadings, orders and other papers on file in another action pending before the court, records and reports of administrative bodies, or the legislative history of laws, rules or ordinances.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

The complaint may be dismissed where it discloses some fact that will necessarily defeat the claim.  Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).  However, in a pro se civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Karim-Panahi, 839 F.2d at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

///

///

# III.  DISCUSSION

## A.    Prison Officials

Plaintiff names a Sergeant, a Correction Officer, a registered nurse, two Wardens, three Directors, a registered nurse supervisor, and two Captains in the California Department of Correction as defendants in their official and individual capacities.  (Complaint, pp. (2-3) - (2-5.))  However, the Eleventh Amendment provides that the federal judiciary power "shall not be construed to extend to any suit in law or equity, commenced against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  "The Eleventh Amendment bars both a federal court action for damages (or other retroactive relief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity."  Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  Since suits for retroactive relief against state officials in their respective official capacities generally constitute suits against the state itself, federal courts lack jurisdiction to entertain such suits – although individual-capacity claims against state officials face no Eleventh Amendment jurisdictional barrier.  See Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

Therefore, the Complaint is dismissed with prejudice as to the above named defendants in their respective official capacities to the extent that plaintiff seeks an award of damages.

## B.    California Department of Correction

Plaintiff also appears to name the California Department of Correction as a defendant in the caption of the Complaint.[2]  Much like the state officials

---

[2] Plaintiff does not separate "California Department of Correction" and "Director of Correction" with a comma in the caption of the Complaint, leaving the possibility that plaintiff intends to name the Director of Correction of the Department but not the Department itself.  This

1   mentioned above, "[i]n the absence of waiver by the state or a valid
2   congressional override, '[u]nder the eleventh amendment, agencies of the state
3   are immune from private damage actions or suits for injunctive relief brought
4   in federal court." <u>Dittman v. State of California</u>, 191 F.3d 1020, 1025 (9th Cir.
5   1999) (citing <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198,
6   201 (9th Cir. 1989)).  The State of California has not waived its Eleventh
7   Amendment immunity with respect to claims brought under § 1983 in federal
8   court, <u>see</u> <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 241, 105 S. Ct.
9   3142, 87 L. Ed. 2d 171 (1985) (holding that the California Constitution does
10  not waive immunity from federal court jurisdiction), and the Supreme Court
11  has held that § 1983 was not intended to abrogate a State's Eleventh
12  Amendment immunity, <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 n. 17, 105 S.
13  Ct. 3099, 87 L. Ed. 2d 114 (1985).  <u>Dittman v. State of California</u>, 191 F.3d
14  at 1025.

15          Accordingly, the Complaint is dismissed with prejudice as to the
16  California Department of Correction.

17  **C.      Specificity of Claims and Causal Connection.**

18          The Civil Rights Act provides for relief only against those who are
19  personally involved in the deprivation of constitutionally protected rights.
20  <u>Abordo v. State of Hawaii</u>, 902 F. Supp. 1220, 1227 (D. Hawaii 1995); <u>Robeta</u>
21  <u>v. Kirby</u>, 328 F. Supp. 670, 674 (N.D. Cal. 1971).  A complaint brought
22  pursuant to 42 U.S.C. § 1983 requires plaintiff to plead that (1) defendants
23  acted under color of state law and (2) deprived plaintiff of rights secured by the
24  Constitution or federal statutes. <u>See</u> <u>West v. Atkins</u>, 478 U.S. 42, 48, 108 S.
25  Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988); <u>Gibson v. United States</u>, 781
26  F.2d 1334, 1338 (9th Cir. 1986). The complaint must allege in specific terms

27  _____

28  Court will construe the caption to include California Department of Correction as a defendant.

how each defendant is involved; there can be no liability under 42 U.S.C. §
1983 unless there is an affirmative link or connection between the defendants'
actions and the claimed deprivations.  See Rizzo v. Goode, 423 U.S. 362, 372-
73, 96 S. Ct. 598, 604, 46 L. Ed. 2d 561 (1976); May v. Enomoto, 633 F.2d
164, 167 (9th Cir. 1980).  Vague and conclusory allegations of participation in
civil rights violations are insufficient.  Ivey v. Board of Regents, 673 F.2d 266,
268 (9th Cir.1982).  Accordingly, a civil rights complaint must allege in
specific terms how each defendant is involved; conclusory allegations are
insufficient to state a claim.  See Sherman v. Yakahi, 549 F.2d 1287, 1290
(9th Cir. 1977).  In addition, a negligent act by a person acting under color of
state law does not rise to the level of a constitutional violation.  County of
Sacramento v. Lewis, 523 U.S. 833, 847-48, 118 S Ct. 1708, 140 L.Ed.2d
1043 (1998); Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 88
L.Ed.2d 662 (1986).

Furthermore, Rule 8(a) of the Federal Rules of Civil Procedure requires
sufficient allegations to put the defendants fairly on notice of the claims against
them.  McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  Plaintiff must
allege with at least some degree of particularity overt acts which defendants
engaged in that support plaintiff's claim.  McHenry v. Renne, 84 F.3d 1172,
1178 (9th Cir. 1996).  A district court may dismiss an action for a pro se
party's failure to comply with Rule 8(a) if meaningful, less drastic sanctions
have been explored.  Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674
(9th Cir. 1981).

To put the defendants fairly on notice of the claims against them,
plaintiff must state the constitutional right that was violated by each defendant
and specifically how the violation occurred.  Rizzo, 423 U.S. at 372-73.  Here,
plaintiff has failed to allege any facts to support a constitutional claim against
defendants Mr. and Mrs. Haws (Wardens), David Tristan (Director), Mr. and

1   Mrs. Tilton (Directors), N. Motz (registered nurse supervisor), and Mr. and

2   Mrs. Hnowles (Captains of Facility B).  Although plaintiff makes conclusory

3   statements regarding a failure to properly supervise and train, he fails to

4   address specifically how <u>each</u> of these defendants violated his constitutional

5   rights.[3]  (Complaint, pp. (2-9) - (2-12.))  Plaintiff fails to allege specific acts or

6   omissions with any degree of particularity.  Accordingly, the Complaint must

7   be dismissed with leave to amend as to the above named individual-capacity

8   defendants to allow plaintiff an opportunity to set forth these things:  each

9   constitutional violation, the defendants that allegedly violated that particular

10  constitutional right, and facts supporting plaintiff's claim that each defendant

11  specifically violated that constitutional right.

12

13                                    **ORDER**

14         For all the foregoing reasons, **IT IS HEREBY ORDERED AS**

15  **FOLLOWS:**

16         1.    The Complaint is **dismissed with prejudice** as to defendants

17               Mr. Williams, Mr. Draytoon, a registered nurse (name unknown),

18               Mr. and Ms. Haws, David Tristan, Mr. and Mrs. Tilton, N. Motz,

19

20         [3] Plaintiff is advised that supervisory personnel are generally not liable in a civil

21  rights action on any theory of <u>respondeat superior</u> or vicarious liability in the absence

     of a law imposing such liability.  <u>Redman v. County of San Diego</u>, 942 F.2d 1435,

22  1446 (9th Cir. 1991) (en banc); <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir.

23  1989).  A supervisory official may be liable only if he or she was <u>personally</u> involved

     in the constitutional deprivation, or if there was a sufficient causal connection

24  between the supervisor's wrongful conduct and the constitutional violation.  <u>Redman</u>

25  <u>v. County of San Diego</u>, 942 F.2d at 1446-47; <u>Hansen v. Black</u>, 885 F.2d at 646.

     Furthermore, a supervisor may be liable for constitutional violations by his or her

26  subordinates if the supervisor knew of the violations and failed to prevent them,

27  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), or if the alleged deprivation

     resulted from a failure to properly train or supervise personnel.  <u>Ybarra v. Reno</u>

28  <u>Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984).

and Mr. and Mrs. Hnowles in their official capacities to the extent that plaintiff seeks monetary damages from the defendants;

2.    The Complaint is **dismissed with prejudice** as to the California Department of Correction; and

3.    The Complaint is **dismissed with leave to amend** as to Mr. and Mrs. Haws, David Tristan, Mr. and Mrs. Tilton, N. Motz, and Mr. and Mrs. Hnowles in order to allow plaintiff to remedy the deficiencies detailed above.  (See pp. 6-8, <u>supra</u>.)

Plaintiff shall have **twenty-one (21)** days from the date of this Order to file a First Amended Complaint.  The First Amended Complaint must comply with all the applicable provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (codified in Sections of Titles 18, 28 and 42 U.S.C.), the Federal Rules of Civil Procedure, and the Local Rules for the Central District of California.

The First Amended Complaint must be labeled with the case number assigned to this case, and must be labeled "First Amended Complaint."  In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's First Amended Complaint complete.  Local Rule 15-2 requires that an amended complaint be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).

The Court Clerk is directed to enclose with this Order two copies of the form civil rights complaint for plaintiff's use in preparing a First Amended Complaint.

Failure to file a First Amended Complaint in accordance with this Order will result in a recommendation that this action be dismissed with prejudice as to Mr. and Mrs. Haws, David Tristan, Mr. and Mrs. Tilton, N. Motz, and Mr.

- 9 -

1  and Mrs. Hnowles for failure to prosecute and/or failure to comply with this

2  Court's order.  See Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R., 370

3  U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

4  DATED:  _____JUL 2 4 2008_____

5

6                                              _____

7                                              ALICEMARIE H. STOTLER
                                               **CHIEF**  United States District Judge

8

9  Presented by:
   DATED:  _July 22, 2008_____

10

11

12  JEFFREY W. JOHNSON
    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28